**Daniel Lee MELLINGER, Petitioner-Appellant,**

v.

**Unknown GRABER, Warden, Respondent-Appellee.**

**No. 15-17222**

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 23, 2017

Daniel Lee Mellinger, Pro Se

Emory Thomas Hurley, Assistant U.S. Attorney, USPX—Office of the US Attorney, Phoenix, AZ, for Respondent-Appellee

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Federal prisoner Daniel Lee Mellinger appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a section 2241 petition, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Mellinger contends that the decision of the United States Parole Commission ("Commission") revoking his parole unlawfully extended his original sentence. Judicial review of the Commission's discretionary decisions is limited to determining whether the Commission's action lacked good cause or was so arbitrary as to violate due process. *See Walker v. United States*, 816 F.2d 1313, 1316 (9th Cir. 1987). *Thompson v. Crabtree*, 82 F.3d 312 (9th Cir. 1996), upon which Mellinger relies, is factually distinguishable and does not support Mellinger's argument that he is entitled to credit for time served on his 2000 conviction. The Commission retains the discretion to determine whether to grant parole release and whether to grant credit towards a parolee's unexpired sentence for terms of imprisonment imposed for offenses committed subsequent to parole release. *See* 18 U.S.C. §§ 4206(c), 4210(b)(2).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

In light of Mellinger's lengthy and violent criminal history and unacceptable risk to public safety, the Commission's determination that good cause existed to deny reparole and deny Mellinger credit for time served on an unrelated sentence was not arbitrary, irrational, unreasonable, irrelevant, capricious, or unconstitutional. *See Walker*, 816 F.2d at 1316.

Mellinger's motion to consolidate this appeal with Appeal Number 15-16984 is denied because that appeal has been dismissed.

Mellinger's motion for expedited resolution is denied as moot.

**AFFIRMED.**